T.C. Summary Opinion 2011-39

UNITED STATES TAX COURT

JEFFREY LAURENCE MARCHISIO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30806-09S.                    Filed March 30, 2011.

Jeffrey Laurence Marchisio, pro se.

<u>James R. Bamberg</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,170 in petitioner's 2007 Federal income tax. The issue for decision is whether petitioner received cancellation of indebtedness income of $5,358.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida at the time the petition was filed.

Petitioner and his former spouse married in 1990. In 1997 petitioner's spouse apparently sold her automobile and purchased a new vehicle. She signed a retail installment contract (financing contract). The financing contract listed petitioner and his spouse as buyers and included two signatures. The amount of the loan reflected in the financing contract was $14,423.01. Petitioner was unaware of this transaction, did not sign the financing contract, and never saw the new vehicle. Petitioner and his spouse divorced in 2005.

In 2007 Wells Fargo Financial Acceptance, Inc. (Wells Fargo), issued a Form 1099-C, Cancellation of Debt, to petitioner reflecting the cancellation of the outstanding loan balance of $5,358. Petitioner did not report the cancellation of

indebtedness amount as income on his 2007 individual Federal income tax return.

On September 28, 2009, the IRS issued a notice of deficiency to petitioner determining a deficiency of $1,170.  Petitioner timely filed a petition contesting the deficiency.  Petitioner has consistently denied knowledge of a canceled loan.

Petitioner made multiple requests to Wells Fargo to obtain information regarding the financing contract.  Petitioner ultimately obtained a copy of the financing contract from Wells Fargo.  Petitioner then contacted an Appeals officer (AO) about the deficiency and informed the AO that he had no knowledge of a loan with Wells Fargo but had been able to obtain a copy of the financing contract.  The AO informed petitioner that he would make a notation in the administrative file regarding their conversation, and petitioner faxed a copy of the financing contract to the AO to include in the administrative file.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under certain circumstances, the burden may shift where a taxpayer introduces credible evidence with respect to any factual issue

relevant to ascertaining the income tax liability of the taxpayer. Sec. 7491(a)(1).

Gross income includes any income from whatever source derived, including income from discharge of indebtedness. Sec. 61(a)(12). Section 6201(d) provides that in any court proceeding, where a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning the deficiency in addition to the information on the information return.

Petitioner disputes that he borrowed money from Wells Fargo or that he was a signatory to a financing agreement. Petitioner provided a copy of the financing contract to respondent, and the parties provided a copy of the financing contract to the Court. The financing contract includes two signatures, that of petitioner's former spouse and a purported signature of Jeffrey Marchisio. Petitioner asserts that the purported signature is not his. The Court notes that the purported signature on the financing contract does not appear to match petitioner's signature on the petition or on the stipulation of facts.

Petitioner credibly testified that he did not own, never saw, and could not identify the vehicle listed in the financing contract. Petitioner testified that he never saw his former

spouse with the vehicle during the 8-year period from 1997, the date of the financing contract, until the divorce in 2005. A third-party witness corroborated petitioner's testimony. We conclude that petitioner has asserted a reasonable dispute as to the Form 1099-C.[1] Accordingly, the burden shifts to respondent under section 6201(d).

Respondent has not produced any evidence to show that petitioner borrowed funds from Wells Fargo or purchased the vehicle which was the subject matter of the financing contract. Nor has respondent rebutted any of the testimony provided by petitioner or the witness. Respondent has failed to produce reasonable and probative information beyond the information return. We note that the evidence of the existence of the loan was initially provided by petitioner to respondent with an explanation that the financing contract was not signed by petitioner. On the basis of this record, we conclude that petitioner did not receive income from discharge of indebtedness from Wells Fargo in 2007.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.

---

[1]Respondent has not argued and the record does not demonstrate that petitioner failed to fully cooperate with respondent. Additionally, respondent has not refuted the application of sec. 6201(d).